KELLY, Circuit Judge,
concurring.
Although I agree the district court correctly applied this circuit’s precedent in dismissing Newmy’s suit, I write separately to express my concern that our approach “needlessly place[s] at risk the rights of those outside the intersection of § 1983 and the habeas statute, individuals not ‘in custody’ for habeas purposes.” Heck, 512 U.S. at 500, 114 S.Ct. 2364 (Souter, J., concurring in the judgment). Indeed, in a “combination of concurring and dissenting opinions,” supra p. 1010, the Supreme Court itself cast doubt on our broad reading of Heck. In Spencer, five Justices — in concurrence and dissent— agreed that “a former prisoner, no longer ‘in custody,’ may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy.” 523 U.S. at 21, 118 S.Ct. 978 (Souter, J., concurring); id. at 25 n. 8, 118 S.Ct. 978 (Stevens, J., dissenting). And as the Tenth Circuit recently reiterated, “[i]f a petitioner is unable to obtain habeas relief — at least where this inability is not due to the petitioner’s own lack of diligence — it would be unjust to place his claim for relief beyond the scope of § 1983 where ‘exactly the same claim could be redressed if brought by a former prisoner who had succeeded in cutting his custody short through habeas.’ ” Cohen, 621 F.3d at 1316-17 (quoting Spencer, 523 U.S. at 21, 118 S.Ct. 978 (Souter, J., concurring)).